UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SARAH MCQUAY, | ] |
| Plaintiff, | ] |
| V. | ]  CASE NO: 3:10-cv-126 RLY-WGH |
| | ]  (Demand for Jury Trial Stated Herein) |
| KOOL SMILES, NCDR, LLC and SUSAN ANDREWS, Individually and in her Official Capacity. | ] |
| Defendants. | ] |

## COMPLAINT AT LAW

### OVERVIEW OF CASE AND CONTROVERY

This is a civil action for deprivation of civil rights in employment as well as for the intentional infliction of emotional distress resulting from said deprivation wherein the Plaintiff, Sarah McQuay (hereinafter "MCQUAY") asks this Court for a monetary judgment against the Defendants, Kool Smiles, NCDR, LLC and Susan Andres, individually and in her capacity as office manager, (hereinafter "Defendants"), for intentional discrimination under Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, et. seq., and constructive discharge, in violation of Title VII of the Civil Rights Act of 1964.

### PARTIES

1. MCQUAY is the Plaintiff in this case and controversy. MCQUAY is a female citizen of the United States of America and State of Indiana. MCQUAY is domiciled in Evansville, Indiana; within the jurisdictional limits of the United States District Court for the

Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

2.    Kool Smiles, NCDR, LLC (hereinafter "KOOL SMILES") is a Defendant in this case and controversy. Kool Smiles, NCDR, LLC, upon information and believe, is the legal name of the business and a nexus or hub for KOOL SMILES' business activities is Evansville, Indiana. KOOL SMILES operates its business at 400 E. Diamond Avenue, Evansville, Indiana 47711 and said business activities are conducted within the jurisdictional limits of the United States District Court for the Southern District of Indiana; and, within the venue of the United States District Court for the Southern District of Indiana, Evansville Division.

3.    Susan Andrews (hereinafter "ANDREWS") is a Defendant in this case and controversy. ANDREWS is an employee of KOOL SMILES; and, upon information and belief, ANDREWS is a female citizen of the United States of America and State of Indiana. Also, upon information and belief, ANDREWS is domiciled in Evansville, Indiana, within the jurisdictional limits of the United States District Court for the Southern District of Indiana and within the venue of the United States District Court for the Southern District of Indiana, Evansville Division. ANDREWS is employed as the Office Manager of the KOOL SMILES' business operated at 400 E. Diamond Avenue, Evansville, Indiana 47711.

## JURISDICTION AND VENUE

4.    MCQUAY brings this action against the Defendants to redress the deprivation of the well-established rights secured to her by Title VII of Civil Rights Act of 1964, i.e. discrimination under the Americans with Disabilities Act ("ADA") 42 U.S. C. § 12101, et. seq. as well as intentional infliction of emotional distress.

5. MCQUAY is a citizen of the United States of America and State of Indiana. The Defendants are either citizens of or corporate citizens of the State of Indiana operating business activities within the jurisdictional limits of the State of Indiana. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. The United States District Court for the Southern District of Indiana has jurisdiction over this case and controversy pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 42 U.S.C § 12101, et. seq. and Title VII of the Civil Rights Act of 1964.

7. MCQUAY also invokes the supplemental jurisdiction of the United States District Court for the Southern District of Indiana over MCQUAY's claim for intentional infliction of emotional distress, a pendant state law claim, pursuant to 28 U.S.C. § 1367, as the common law claim forms part of the same case and controversy.

8. Venue is proper in the Evansville Division of the United States District Court for the Southern District of Indiana pursuant to 28 U.S. C. § 1391.

## EXHAUSTION OF ADMINSTRATIVE PROCEDURES

9. MCQUAY timely filed with the Equal Opportunity Commission (hereinafter "EEOC") a charge of discrimination against the Defendants. EXHIBIT A. MCQUAY received a notice of the right to sue from the EEOC and, within 90 days of receiving notice of her right to sue, MCQUAY is filing this original complaint in this case and controversy. EXHIBIT B. 42 U.S.C. § 2000e-5(f)(1).

# COUNT I

## DISABILITY DISCRIMINATION UNDER TITLE VII

### DEFENDANT KOOL SMILES

10. MCQUAY incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 9 immediately above.

11. MCQUAY is a female employee protected under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e(f) and brings the allegations contained in this Count against Defendant, KOOL SMILES, in this case and controversy.

12. KOOL SMILES is an employer within the meaning of Title VII of the Civil Rights Act of 1964. MCQUAY was employed by KOOL SMILES. 42 U.S.C. § 2000e(b). MCQUAY worked as a community relations specialist at the store located at 400 E. Diamond Avenue, Evansville, Indiana 47711 since November 3, 2008.

13. KOOL SMILES intentionally discriminated against MCQUAY in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 by subjecting MCQUAY to discrimination that began in June, 2009. MCQUAY received treatment wholly different than her previous year of employment. Only July 7, 2009, MCQUAY left her position as a community relations specialist due to constructive discharge. When MCQUAY was fired, one of her job conditions was to work some nights and weekends. MCQUAY fulfilled her obligations. One June 29, 2009, ANDREWS informed MCQUAY that nights and weekends were mandatory and that ANDREWS would assign times that MCQUAY would work.

14. ANDREWS was aware that MCQUAY had a disabled child and had evening childcare issues. MCQUAY's child has two (2) medical conditions that require timely treatment in the evening hours. The first and most critical is Diabetes Insipidus. Diabetes Insipidus is not

Diabetes (sugar) Mellutis. Diabetes Insipidus is the lack of a hormone called the Anti-Diuretic Hormone. This hormone controls the ability to concentrate urine. Without the hormone, the child cannot concentrate urine and will dehydrate rapidly. Most hospital personnel do not know what diabetes insipidus so it is critical to have a care take who can articulate to Emergency personnel that insulin and sugar will not help this child.

15. Also, with regard to the child's medical situation, the reason the evening hours are so critical is due to the fact that he has to take medication at this time. Many nights, his medication will wear off before dosage time. The person who is his caregiver needs to know the signs and symptoms to correctly dose him. If this is done incorrectly, the child's sodium will either rise or crash, causing neurological issues such as seizures. Water intoxication and dehydration are possible too.

16. Finally, with regard to the child's medical situation, the second condition that requires medication is Human Growth hormone deficiency. This is done with a subcutaneous injection every evening. This medication is critical with the child because his body does not make natural growth hormone. Why growth hormone is so critical is due to systemic functions. Growth hormone causes not only the bones to grow, but the muscles to grow as well. Not only would the child stop growing, stunting his growth for life, his immune system would essentially shut down, and he would be in full blown osteoporosis before the age of 20. As the child's primary care giver, MCQUAY was trained through a home health nurse how to give his injections. MCQUAY had grandparents there to be educated as well in administering the injections. The child also has a more common disorder called Hypothyroidism. He is treated once a day with oral medication. As a result of missing three (3) or more hormones from the same gland, the child has a condition called Panhypopituitarism. Having this condition puts the child at greater risk for an Adrenal crisis, and heart issues. Both are conditions that the caregiver

needs to be informed of and ready to communicate pertinent information to emergency personnel if the circumstance so needed.

17. All of these issues stem from a congenital birth defect called a Basal Sphenoethmoidal Encephaocele. The child is missing the two (2) bones that would hold his brain in his cranium. As a result, the child's brain is stretched, elongated, and herniated through his nasal cavity to rest on the superior part of his soft palate. Surgery was attempted to fix this and has since failed.

18. When MCQUAY requested the accommodation of time to establish childcare arrangements in light of the change circumstances, ANDREWS refused. ANDREWS did not give MCQUAY the opportunity to obtain childcare for her disabled child and MCQUAY was forced to resign.

19. KOOL SMILES violated the Americans with Disabilities Act by intentionally discriminating against MCQUAY because of her child's disability. KOOL SMILES discriminatory acts culminated in MCQAUY's constructive discharge; and, therefore, MCQUAY is entitled to compensatory damages.

**COUNT II**

**INTENTIAL INFLICTION OF EMOTIONAL DISTRESS**

ALL DEFENDANTS

20. MCQUAY incorporates by reference the allegations contained in rhetorical paragraphs numbered 1 through 19 immediately above.

21. The Defendants, KOOL SMILES and ANDREWS, owed a duty to MCQUAY to adequately supervise and oversee the conduct of all its employees and agents and to provide employment and a work environment free from discrimination. ANDREWS owed a duty to

refrain from intentionally causing MCQUAY emotional distress.

22. MCQUAY was constructively discharged from her employment for allegedly failing to be available on nights and weekends for employment, although she had numerous conversations with ANDREWS regarding her child's disability and childcare issues. KOOL SMILES through its agent ANDREWS refused to make an accommodation of time so that MCQUAY could make arrangements for the care of her disabled child in light of the changed work scheduled. Such conduct has resulted in substantial emotional distress in that MCQUAY lost her job, and has been unable to obtain other employment in the field, and MCQUAY's inability to otherwise obtain suitable employment in her profession has caused her and her family significant financial strain, which has undoubtedly caused significant emotional distress.

23. At all pertinent times hereto, ANDREWS was acting within the scope of her employment as an Office Manager with KOOL SMILES. Defendant, KOOL SMILES, is liable for the actions of its agents and employees under the doctrine of respondeat superior liability.

24. The Defendants' intentional discrimination against MCQUAY is in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 and was extreme, outrageous, and wholly unjustified thereby causing MYQUAY to suffer emotional distress for which all of the Defendants are liable for compensatory and exemplary damages.

## DAMAGES

25. As a direct and proximate result of the Defendants' conduct, MCQUAY suffered the following injuries and damages:

   a. MCQUAY was constructively discharged from her employment with the KOOL SMILES. Although MCQUAY has diligently sought other comparable employment, MCQUAY

has been unable to find a job. In addition, MCQUAY incurred expenses in seeking other employment, has been in severe emotional distress due to the loss of this position and her inability to obtain other employment in this field.

b.    MCQUAY suffered mental anguish and emotional distress and is entitled to recover both compensatory and exemplary damages as a result thereof.

## ATTORNEY FEES

26.    MCQUAY is entitled to an award of attorney fees and costs under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964.

## JURY TRIAL DEMAND

27.    MCQUAY respectfully requests a jury trial for any and all issues so triable.

## PRAYER

**WHEREFORE,** MCQUAY requests the United States District Court for the Southern District of Indiana, Evansville Division to enter judgment in favor of MCQUAY and against the Defendants in an amount of not less the $75,000.00 and for any and all additional or other relief the Court may deem just and proper in the circumstances.

Respectfully submitted,

John Andrew Goodridge, Esq. IN Atty#19359-65
ATTORNEY AT LAW
915 Main Street, Suite 208
Evansville, IN 47708

Telephone: (812) 426-0482
Facsimile: (812) 426-2211

Email: jgoodridge@jaglo.com